D. S. BOGUE, APPELLEE, VS. ALEXANDER McDONALD, ADMINISTRATOR OF ALL AND SINGULAR THE GOODS AND CHATTELS OF SAMUEL WILLIAMS, DECEASED, APPELLANT.

1. Where the return does not disclose an exception taken during the trial or after the judgment, the case cannot be reviewed in this Court upon any matter arising upon the trial, and the appeal will be dismissed.

2. In order to review a judgment after trial without a jury, a case or exceptions must always be made. This case should contain the facts found by the Judge and his conclusions of law, stated separately, the exceptions taken during the trial, and also those taken after judgment to his final conclusions of law.

3. Where the appellant brings up simply the papers containing the pleadings in the case and the judgment of the court, and the return contains no evidence of any exception taken at any time, or any case or exceptions, or any separate statement of conclusions of law found by the Judge, a waiver of a case and exceptions by the appellee cannot cure the defect.

Appeal from the Circuit Court, Third Judicial Circuit, Madison county.

The case, so far as considered by the court, is stated in the opinion.

*Charles R. King* for Respondent.

*A. Patterson* and *E. J. Vann* for Appellant.

WESTCOTT, J., delivered the opinion of the court.

In this case the trial was by the court upon complaint and demurrer and answer thereto. Sec. 214, par. 182 of the Code prescribes the practice where a party desires to take an appeal in such cases. The first paragraph provides that " for the purposes of an appeal either party may except to a decision on a matter of law arising upon such trial within ten days after notice in writing of the judgment, in the same manner and with the same effect as upon a trial by a jury." The second paragraph provides, " and either party desiring a review upon the evidence appearing on the trial, either of the questions of fact or of law, may at any time within ten days after notice of the judgment, or within such time as may be prescribed by the rules of the court, make a case or exceptions in like manner as upon a trial by a jury, except that the judge in settling the case must briefly specify the facts found by him and his conclusions of law."

The first paragraph plainly requires an exception to be taken, and if no exception is taken the court on appeal cannot review. Such is the uniform decision of the Court of Appeals in New York, where the requirements of the statute are substantially the same as those of our Code. 13 New York, 341. The return in this case discloses no exception taken to any of the decisions of the court, either upon matters of fact or of law. The second paragraph requires the party desiring a review upon the evidence appearing on the trial, either of questions of law or fact, within ten days after

notice of the judgment, or within such time as may be pre-
scribed by the rules of court, to make a case or exceptions in
like manner as upon a trial by jury, except that the Judge
in settling the case must briefly specify the facts found and
his conclusions of law.   It follows that in order to review a
judgment after trial by the court, we must have a case or
exceptions here, and in addition, we must have a separate
statement of the facts found by the Judge and his conclu-
sions of law, or a separate statement containing the con-
clusions of law by the Judge.

The parties to this appeal have filed a written stipulation
waiving both the case and exceptions required by the second
paragraph.   This, however, even if given effect to, does not
obviate the necessity for taking an exception under the first
paragraph.   In addition to this, the parties cannot thus avoid
compliance with the provisions of law regulating an appeal
in its most essential respects, as well as obviate the necessity
of conforming their action to the plain rules of court controll-
ing the subject.

When the appellant, as in this case, brings up simply the
papers containing the pleadings in the case and the judg-
ment of the court, and the return contains no evidence of
any exception taken at any time, or any case or exceptions,
or any separate statement of conclusions of law found by the
Judge, a waiver of all these things by the appellee is inope-
rative to cure the defect.

This return does not show that any exception was taken
to any decision of the court.   That precise case was consid-
ered in 3 Kernan, (13 N. Y.,) 342, and we deem it proper
to insert here such portions of that opinion as have a bearing
upon the two paragraphs of the Code now under considera-
tion.   The court there remark: "Under the Code, where
the trial is by the court, the Judge takes the evidence, and
his decision may be, and often is, made afterwards ; there is
consequently no opportunity to except at the trial to the

disposition which he finally makes of the questions before him on the whole case. To afford an opportunity of doing this after the final decision, is the object of the first paragraph. The exceptions which may be and must be made within ten days after notice of the judgment, are those and only those which under the former system of practice were made to the rulings of the court after the evidence was closed and before the jury retired. This clause of the section does not authorize exceptions to be taken after judgment to matters arising during the trial, and where there is an opportunity to except at the time the adverse decision is made."

As to the second paragraph, the court remark: " In order to review the judgment after trial by the court, a case must always be made. In settling this, the Code imperatively requires a statement of the facts found by the Judge and his conclusions of law. The party who prepares the case should insert this statement, which like any other part of the case, will be subject to amendment by the other party and settlement by the Judge. If it be desired to review any conclusion of fact, the case will contain the evidence bearing upon that conclusion; it will also contain the exceptions taken during the trial and those taken after the judgment to the final conclusions of law. The case, if served within the ten days, will be of itself a compliance with the first clause of the section, and no other exceptions will be required to satisfy that clause. If not served within ten days, then a formal exception must have been made and served within that time, as the authority for inserting it in the case afterwards prepared, and any exception which appears in the case as settled, will be assumed to have been made in due time. The proceeding thus prepared for the review of a judgment will contain the qualities both of a case and a bill of exceptions, as these were formerly understood. Its proper name, we think, is, a case, but it must contain the exceptions taken during

the trial and those taken after the trial and judgment, and there is no right to a review upon a question of law on any other terms. The exception must be taken at the trial if there was opportunity, or if not then, within ten days after the notice of the judgment, and it must always be stated in the case." The court then remark in reference to the precise case before it : " In regard to the present appeal, there is in the record a brief entry stating the fact of a trial, in which the question was raised and argued whether the answer showed any defence. It then goes on to state that the Judge rendered the following judgment, (setting it forth.) This entry may be called a case, but it should have stated in substance that upon the facts set forth in the answer, the Judge ruled and decided as matter of law that there was no defence to the action, and that the defendant excepted. As there was no exception, so far at least as now appears, there is no right to have a review of the judgment." See also Livingston vs. Radcliff, 2 N. Y. (2 Comstock,) 189 ; Colin vs. Brown, court of appeals, 1852, 1 Code Rep., (N. S.) 416.

The appeal in this case is dismissed.