CHARLES H. DUPONT, APPELLANT, VS. JAMES L. G. BAKER, RESPONDENT.

Where the return upon an appeal from a judgment rendered upon the trial of an issue of law by the court does not disclose an exception taken to the ruling of the court, either before or after judgment, the case cannot be reviewed upon appeal, according to the Code of Procedure, and the appeal will be dismissed.

Appeal from a judgment of the Circuit Court for Jackson county, First Judicial Circuit

*David S. Walker* and *J. F. McClellan* for Appellant.

*G. S. Hawkins* for respondent.

RANDALL, C. J., delivered the opinion of the court.

Upon inspection of the record in this case, it is found that it contains no exception whatever to any proceeding in the court below. There is no bill of exceptions or case and exceptions as required by the Code and the rules.

Sec. 214 of the Code of Procedure says: "For the purpose of an appeal, either party may except to a decision on a matter of law arising upon such trial, [i. e. trial by the court] within ten days after notice in writing of the judgment, in the same manner, and with the same effect as upon a trial by jury," &c.

The judgment in this case was entered upon the decision by the court of questions of law arising upon the pleadings, and no exceptions having been taken thereto, there is nothing which this court can review upon appeal. This has been the uniform ruling of the courts of New York where a similar Code exists, and the same question was discussed at length, and so decided by this court, in Bogue vs. McDonald, at January Term, 1872, in which it was also held that in such cases the proper action of this court was to dismiss the appeal.

The appeal in this case must be dismissed.