DAVID B. STEWART, PLAINTIFF IN ERROR, VS. WILLIAM MILLS, DEFENDANT IN ERROR.

1. In an action for the taking and detention of personal property the plea of not guilty puts in issue the taking and detention, and not the right of property and possession of the plaintiff.   (C. C. Rule 75.)

2. Error cannot be assigned that the Judge gave or neglected to give instructions to the jury as prayed for by counsel, with his ruling thereon, or to sign and seal the same, unless his neglect or refusal was duly excepted to and so appears of record.

3. It is not error for the Judge to refuse to read to the jury the instructions prayed for, which he declines to give to the jury as his charge or instruction.   It is only necessary that he give in writing his refusal to give the instruction as prayed.

Writ of Error to the Circuit Court for Orange county.

Chapter 2096 of the Laws of Florida (McClellan's Digest, page 338) provides that " if either of the parties, or their attorneys, present to the Judge their instructions in writing on the point or points of law or exceptions taken arising on the trial, it shall be the duty of the Judge to declare, in writing, to the jury his ruling thereupon as presented, and pronounce the same to the jury as given or refused."

Rule 75, referred to in the opinion, provides that " in actions for taking, damaging or converting the plaintiff's goods, the plea of not guilty shall operate as a denial of the

defendant having committed the wrong, but not of the plaintiff's property therein."

The other facts are stated in the opinion.

*E. K. Foster* and *John W. Price* for Plaintiff in Error.

*H. C. Harrison* for Defendant in Error.

THE CHIEF-JUSTICE delivered the opinion of the court.

This was a suit brought by Mills for the taking and detention of a quantity of corn, the property of plaintiff. The defendant pleaded simply not guilty.

After hearing the testimony and the charge of the court, the jury found for the plaintiff and assessed damages, upon which judgment was entered for plaintiff.

There are minutes of what purports to be testimony copied into the record, but we cannot examine or consider it, as it is not attested by a bill of exceptions as the testimony given on the trial.

The only exception noted in the record and attested by the Judge appears by the following entry : " Plaintiff's counsel asks the court to charge the jury that Mills' possession of the corn is not in issue in this case, as it is admitted by the plea of not guilty which only denies the taking.

" 2. That the plea in this case only denies the taking of the corn by Stewart, and if they believe that he took it without the consent of Mills or Marshall, he is guilty of the conversion of the corn, and is liable to Mills for its value."

" The above instructions are given." This is signed and sealed by the Judge. " Defendant's counsel excepts to the above instructions," signed by the Judge.

Written instructions appear to have been asked by defendant's counsel, upon which the Judge endorsed : " The

within instructions refused," and signed the same. No exception was taken to this refusal or to the absence of seal.

As to the exception to the charge and instruction given at plaintiff's request and excepted to by defendant, it is remarked that the action was for taking and detaining plaintiff's property by defendant. The plea of *not guilty* puts in issue the taking and detention of the goods, but not the plaintiff's property therein. See Rule 75, Circuit Court Rules in Common Law Actions; Stephens' Nisi Prius, 2698.

The charge given by the court was, therefore, strictly in accord with the law of the case.

As no exception was taken to the refusal to give the instructions asked for on the part of defendant, there is no issue of law thereon before this court.

Counsel for plaintiff in error urges that under the act of 1877, Chapter 2096, it is manifest error of record if the Judge simply write " given " or " refused " upon the instructions prayed by counsel, but that it should appear that the Judge actually read the instructions to the jury and his rulings thereon as written.

When a record comes to us with the word " given " written against a paragraph of instructions, and signed and sealed by the Judge, we understand that he read to the jury the written instructions as the law of the case. If he did not give them in writing, it may be made to appear by a bill of exceptions. When the Judge writes " refused " against a desired instruction, we understand that he announced in writing to the jury his refusal to give the instruction prayed, unless the contrary appears by a bill of exceptions. In case of such refusal it is unnecessary to read to the jury the rejected instructions. 17 Fla., 888.

It might in some cases prejudice the party offering instructions if the Judge should read them and refuse them

in the presence of the jury, because they may seem to be favorable to the party offering them, or may be mere repetitions of a charge already given, and the impression left upon the minds of the jurors by such refusal may be mischievous.

The way to bring in question the action of the court is to note an exception at the time and incorporate the matter in a bill of exceptions, with so much of the proceedings as may be necessary to a full understanding of the exception taken.

All the questions suggested in respect to the provisions of the act of 1877, Chapter 2096, have been considered in So. Ex. Co. vs. Van Meter, 17 Fla., 783 ; Sherman vs. State, ib., 888 ; Pottsdamer vs. State, ib., 895.

The judgment is affirmed.