JOE WILLIAMS, PLAINTIFF IN ERROR, VS. THE STATE
OF FLORIDA, DEFENDANT IN ERROR.

ASSIGNMENTS OF ERROR—NECESSITY FOR EXCEPTIONS.

1. Where charges given to the jury are assigned as error they can
   not be considered unless excepted to in the court below in some
   one of the modes provided by law.
2. Assignments of error based upon alleged erroneous rulings dur-
   ing the progress of the trial can not be considered upon writ of
   error unless such rulings were excepted to.

Writ of error to the Circuit Court for Marion
county.

The facts of the case are stated in the opinion of the court.

*J. D. McConnell* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

TAYLOR, J.:

The plaintiff in error was indicted, tried and convicted at the Spring term, 1893, of the Circuit Court for Marion county of murder in the first degree with recommendation to mercy, and sentenced to the State prison for life. Upon the overruling of his motion for a new trial below he brings the cause here by writ of error.

The *sole* ground urged here by the plaintiff in error for a reversal of the judgment and sentence is, that the court below erred in charging the jury: "that testimony tending to show an *alibi* was not to be considered unless it established the fact by a preponderance of evidence." We have examined the charges given by the court to the jury carefully but fail to find in the record here any such charge, nor anything in any of them that even intimates any such doctrine. But even if there was, we can not find that any of the charges given by the court were excepted to in any way whatsoever, which, under the well established rule here, would preclude us from considering them.

No exceptions were taken during the trial upon which errors have been assigned, consequently we can not consider any assignment of error based upon alleged erroneous rulings during the progress of the trial to which no exception was taken or noted. We have carefully considered the entire record and find no error therein that would justify any inteference with

the judgment and sentence appealed from. The evidence, though conflicting, as to the whereabouts of the defendant at the precise time of the homicide, is ample and clearly sufficient to sustain the verdict found. This being true, it is beyond our province to disturb it.

The judgment and sentence of the court below is, therefore, affirmed.