SAVANNAH, FLORIDA & WESTERN RAILWAY COMPANY, PLAINTIFF IN ERROR, vs. OLA BRINK, DEFENDANT IN ERROR.

APPELLATE PRACTICE—SIGNING AND FILING CHARGES. SECTIONS 1090, 1901, REVISED STATUTES CONSTRUED. ALL CHARGES MAY BE INCORPORATED IN BILL OF EXCEPTIONS.

1. The effect of Sections 1090 and 1901, Revised Statutes, is not to make written charges given or refused, and so endorsed, signed and filed by the judge, a part of the record proper in the case, in the same sense as the declaration and other formal pleadings therein are parts of such record proper, but they make of such charges, so endorsed, signed and filed by the judge a special statutory bill of exceptions, and when so authenticated by the signature of the judge and filed, they become a part of the record in the case by the terms of said two sections of the statute, in the same sense, for the purposes of appellate procedure, as an ordinary bill of exceptions becomes a part of such record when properly authenticated by the certificate and signature of the judge. It is the judge's signature to such charges, with the endorsement of his rulings thereon, that gives them authenticity before an appellate court; and it is the judge's certificate and signature to an ordinary

bill of exceptions that gives authenticity to the various matters contained therein. Such charges may properly be evidenced to an appellate court either by being incorporated into the record certified by the clerk below, or by inclusion in the bill of exceptions certified and signed by the judge. There is nothing in the statute that forbids their re-authentication by the, judge by inclusion in the bill of exceptions by him duly certified and signed, or that renders them any the less authentic when thus re-authenticated. But however such charges may be evidenced to the appellate court, a succinct statement when necessary under each charge assigned as error of the evidence upon which it is predicated, and an exception duly taken, must be properly made to appear.

2. Under the provisions of Sections 1090 and 1091, Revised Statutes, written charges given or refused must be so endorsed in writing and signed by the judge and filed in the case in compliance with those sections, in order to make them a part of the record. Without such endorsement and signature of the judge they would have no place in the record, and, in such event, could be evidenced to an appellate court only by inclusion in a bill of exceptions duly certified and signed by the judge.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Barrs & Bryan* (with whom were *Toomer & Reynolds* on the brief), for motion.

*John E. Hartridge, contra.*

PER CURIAM.

This cause came on to be heard upon motion of the defendant in error to strike from the transcript of record the charges requested by the defendant below and refused by the court, and the assignments of error predicted thereon, and to dismiss the writ of error. The motion is upon the following grounds: 1. The charges refused by the court below are a part of the record proper and are brought to this court for review only by bill of exceptions.

2. The assignments of error, or either of them, have no basis in the record filed herein.

3. The assignments of error, and each of them, are wholly unsupported by the record.

4. This court, upon the record, has no jurisdiction to entertain the said several assignments of error or any of them.

5. The assignments of error are based upon matters which do not appear in the transcript of record.

6. It does not appear by the transcript of record that the court below refused to give the charges which appear in the bill of exceptions and upon the refusal to give which error is assigned.

The errors assigned here are but two, both predicated upon the refusal of the court below to give charges requested by the defendant below, plaintiff in error here. These two charges thus refused are evidenced to this court only in and by a bill of exceptions contained in the transcript of record. The contention of the mover is that under the provisions of sections 1090 and 1091 of the Revised Statutes these refused instructions became a part

of the *record proper* in the case, and had no place in a bill
of exceptions, and could be authoritatively evidenced to
an apepllate court only in, and as part of, the *record
proper* in the case. This contention is not well taken.
Section 1090 and 1091 of the Revised Statutes provide as
follows: "1090—If either of the parties or their attor-
neys present to the judge instructions in writing on any
point of law arising on the trial, it shall be the duty of
the judge to declare in writing to the jury his ruling there-
upon as presented, and pronounce the same to the jury as
given or refused."

"1091 Said instructions, as well those given as those
denied, shall be signed by the said judge, and be by him
filed in the case immediately after delivery or refusal and
form a part of the record in the case."

The effect of these two sections, from the standpoint of
appellate practice, is not to make of charges given or re-
fused a part of the record proper in the case in the same
sense as the declaration and other formal pleadings there-
in are parts of such record proper, but its true effect is to
make of charges that are written, and that are endorsed
in writing by the judge as being given or refused, and that
are signed by the judge and filed in the case in compliance
with the statute, a *special statutory bill of exceptions*,
and when so authenticated by the signature of the judge
and filed they become a part of the record in the case, by
the terms of the quoted statute, in the same sense, for the
purposes of appellate procedure, as an ordinary bill of ex-
ceptions becomes a part of such record when properly
authenticated by the certificate and signature of the
judge. It is the judge's signature to such charges with
the endorsement of his rulings thereon that gives them

authenticity before an appellate court; and it is the judge's certificate and signature to an ordinary bill of exceptions that gives authenticity to the various matters contained therein. Indeed the language of section 1268 of the Revised Statutes making provision for bills of exceptions, is that "the same shall, when signed, become a part of the record of such cause." In the case of Parrish v. Pensacola & Atlantic R. R. Co., 28 Fla. 251, text 276, 9 South. Rep. 696, it was held in effect that charges either given or refused could be properly evidenced to the appellate court either by being transcribed into that part of the bill of exceptions that is usually devoted to the exposition of the charges given or refused; or by being copied into the record when duly evidenced by the endorsement of the judge thereon over his signature as being given or refused in compliance with the sections of the Revised Statutes already quoted.

In Merchants Nat. Bank of Jacksonville v. Grunthal, 38 Fla. 93, 20 South. Rep. 809, we have said that "the only evidence for an appellate court as to matters that appear *of record* is the *record proper,* duly certified by the clerk of the court who is the custodian of them; and, as to matters *not of record* or *in pais,* the judge's certificate to a bill of exceptions containing them is the only evidence." The quoted sections of the Revised Statutes do not change this rule, but, as before stated, the effect of the statute is to make of charges properly endorsed, signed and filed by the judge a special statutory bill of exceptions that may be evidenced to an appellate court by simply including them in the transcript of record certified by the clerk below without further certification by the judge. Such charges may properly be evidenced to an appellate

court *either* by being incorporated into the record certified by the clerk below, or by inclusion in the bill of exceptions certified and signed by the judge. It is the judge's endorsement and signature to them under the statute that authenticates them to an appellate court when brought to such court as part of a transcript of record simply certified by the clerk, and there is nothing in the statute that forbids their re-authentication by the judge by inclusion in a bill of exceptions by him duly certified and signed, or that renders them any the less authentic when thus re-authenticated. But however such charges may be evidenced to the appellate court a succinct statement under each charge assigned as error of the evidence upon which it is predicated, and an exception duly taken must be properly made to appear.

But besides this there is no affirmative showing in the record before us that the two refused instructions in question were in fact endorsed by the judge as being refused, or that they were signed by him and filed in the case in compliance with the statute so as to make them a part of the record; without which endorsement and signing by the judge they would have no place in the record and could be evidenced to an appellate court in such event only by a bill of exceptions duly signed by the judge. Neither is there any evidence in the record, except as is made to appear by the bill of exceptions, that the judge's refusal to give these instructions was duly excepted to at the time of such refusal, and it is well settled that unless there is an exception to a charge given, or to the refusal to give one requested, it can not be assigned as error in

an appellate court, no matter how effectually such charge or refusal to charge may be evidenced in the transcript of record on writ of error.

The motion is denied.