ZACK PITTMAN, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—APPELLATE PRACTICE—EXCEPTIONS NECESSARY TO HAVE CHARGES REVIEWED—MOTIONS IN ARREST OF JUDGMENT HAVE NO PLACE IN BILL OF EXCEPTIONS — EXCEPTING TO AND ASSIGNING CHARGES EN MASSE'.

1. The long settled rule here is that charges not excepted to in the trial court can not be assigned as error or considered in an appellate court.

2. A motion in arrest of judgment forms part of the record proper and has no place in a bill of exceptions, and can not be recognized or considered by an appellate court when evidenced to it only in and by a bill of exceptions.

3. Where one general exception, or one general assignment of error, is made to embrace refusals to give two or more requested instructions stating separate and distinct propo-sitions of law, the appellate court will go no further in the consideration of such an exception or assignment of error after discovering that any one of such instructions was properly refused.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts of the case are stated in the opinion of the Court.

*J. M. Calhoun,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

TAYLOR, C. J.

The plaintiff in error, together with one Henrietta Wood, on an indictment charging them with lewd and lascivious cohabitation, were tried and convicted of the crime of fornication at the Spring term, 1902, of the Circuit Court of Jackson county, and from the sentence pronounced upon him the plaintiff in error sues out writ of error.

The assignments of error are as follows: 1st. The court erred in refusing the charges one (1) and two (2) asked for by the defendants.

2nd. The court erred in giving charge No. 4, objected to by the defendants.

3rd. The court erred in refusing to grant the motion and arrest of judgment asked for by the plaintiff in error.

The second and third of these assignments of error can not be considered here for the following reasons: Charge No. 4, the giving of which is assigned as the second error, is not shown by the record before us to have been in any manner *excepted* to, and the long settled rule here is that charges not excepted to in the court below can not be assigned as error. Coker v. Hayes, 16 Fla. 368; Godwin

v. Bryan, Ibid. 396; Story v. State, Ibid. 564; Meinhard Bros. & Co. v. Lilienthal, 17 Fla. 501; Southern Exp. Co. v. Van Meter, Ibid. 783; Stewart v. Mills, 18 Fla. 57; Williams v. State, 32 Fla. 251, 13 South. Rep. 429.

The motion in arrest of judgment, the overruling of which is the third error assigned, is evidenced to us in the transcript of record only in and by the *bill of exceptions*. It is also settled here that a motion in arrest of judgment forms part of the *record proper,* and has no place in a bill of exceptions, and can not be recognized or considered by an appellate court when evidenced to it only in and by a bill of exceptions. Caldwell v. State, 43 Fla., 30 South. Rep. 814; Kelly v. State, 44 Fla.    , 33 South. Rep. 235.

The defendants requested the court to give the two following charges: "1st. The question of what you would think about the example that was set by the conduct of the defendants towards each other is not before you, but the question for you to determine is, was the defendants' conduct toward each other at the time alleged were living together as man and wife or living together as though the marriage relations existed.

2nd. There must be proof of at least one illicit intercourse by the defendants and each other." The refusal of the judge to give both of these instructions was *excepted* to in one *general* exception, and they are both assigned as error in *one general* assignment of error. The settled rule here is that where refusals to give two or more requested instructions stating separate and distinct propositions of law are *excepted* to by *one general exception*, or are *assigned en masse'* in one general assignment of error, the appellate court will look no further after discovering that any one of the requested instructions so

*excepted* to or *assigned en masse'* was properly refused. Eggart v. State, 40 Fla. 527, 25 South. Rep. 144; McCoggle v. State, 41 Fla. 525, 26 South. Rep. 734, and cases cited. The two requested instructions state separate and distinct propositions of law, and we think the court properly refused the first one of them for the reason that it is confused and misleading, and in effect erroneously took away from the jury any consideration of the question of the example set by the conduct of the accused in their illicit intercourse; and besides, the valid feature of this charge had been already fully and correctly given in instructions by the court. Having found the first requested instruction to have been properly refused, and governed by the rule above announced, we go no further into the consideration of the first assignment of error, but to adjudge that there was no error therein as alleged.

Finding no error in the record, the judgment of the Circuit Court in said cause is hereby affirmed.