SAM PARNELL, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Errors can not be assigned in the appellate court upon charges not excepted to in the trial court.

2. To enable an appellate court, upon writ of error, to review the ruling of the trial court denying a motion for a new trial, such motion and the exception to the ruling denying it, must be evidenced to the appellate court by a bill of exceptions, properly attested by the trial judge. Where such motion and the exception to the ruling thereon are found only in the record proper an appellate court can not consider the same.

3. Where one general exception or one general assignment of error is made to the giving of several instructions stating separate and distinct propositions of law, an appellate court will go no further in the consideration of such an exception or assignment of error after discovering that any one of such instructions was correctly given.

4. Under the provisions of sections 1090 and 1091 of the Revised Statutes of 1892, while charges given or refused by the trial court, when properly endorsed and authenticated, may appear in and form a part of the record, in order to enable an appellate court to review the ruling made thereon an exception duly taken to such ruling must be made to appear.

5. Where the substance of proposed instructions, so far as applicable to the facts of the case, is fully covered by other instructions given by the court, there is no error in refusing those proposed.

This case was decided by the court *En Banc*.

Writ of error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*T. B. Oliver* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

SHACKLEFORD, J.—The plaintiff in error, at the fall term, 1902, of the Circuit Court for Columbia county, was indicted for breaking and entering a building with intent to commit a misdemeanor, and was tried and convicted at the spring term, 1903, of said court, and sentenced to confinement in the State prison at hard labor for a period of one year, and seeks reversal here by writ of error.

Six errors are assigned, the first, second and sixth of which are based upon charges given by the court to the jury. These errors can not be considered by this court for the reason that said charges were not excepted to at the trial. There is no bill of exceptions in the record, so the exception taken to the overruling of the motion for a new trial, one ground of which questioned the propriety of the entire charge, cannot be considered. See *Pittman v. State,* 45 Fla. 91, 34 South. Rep. 88, and authorities there cited. That a motion for a new trial, with the ruling of the court

thereon and the exception to such ruling, must be evidenced to this court by a bill of exceptions see *McDonald v. State,* 46 Fla. 149, 35 South. Rep. 72, and authorities cited therein. However, even if we could consider the motion for a new trial in the case at bar it would not avail plaintiff in error for the reason that the only ground thereof relating to the instructions given by the court to the jury is based upon the giving of all the charges. An examination of said instructions so given discloses that some of them were undoubtedly correct, therefore, no further examination of them is required. *Eggart v. State,* 40 Fla. 527, 25 South. Rep. 144, and authorities there cited. The case of *Savannah, Florida & Western Ry. Co. v. Brink,* 44 Fla. 713, 33 South. Rep. 245, referred to by counsel for plaintiff in error, while holding that charges given or refused by the trial court, when properly endorsed and authenticated, may appear in and form a part of the record, also expressly holds that an exception duly taken must be made to appear.

The third, fourth and fifth errors assigned are all based upon the refusal by the trial court to give certain requested instructions of the defendant. An inspection of said refused instructions discloses that in so far as they contained correct legal principles they were fully covered by the charges already given by the court, hence no error was committed by the court in refusing to give any of the said requested charges.

Finding no error in the record, the judgment of the Circuit Court must be affirmed, and it is so ordered; the costs of this appellate proceeding to be taxed against the county of Columbia.

HOCKER, COCKRELL and CARTER, JJ., concur.

TAYLOR, C. J., absent on account of sickness.

WHITFIELD, J., disqualified, took no part in the consideration of this case.