J. L. MALOY, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In a prosecution for homicide testimony tending to show the personal feeling between the accused and the deceased and to disclose a motive for the crime is admissible.

2. As a general rule, motions to strike testimony that has been introduced in a prosecution for homicide must be predicated upon some feature of irrelevancy, imcompetency, legal inadmissibility or impertinency in the testimony itself, and testimony should not be stricken on the ground that it is not sufficient proof of what was intended to be proved by the party introducing it.

3. In a prosecution for homicide testimony as to pending litigation between the deceased and the defendant at the time of the homicide is not rendered inadmissible because "it was not shown that there was any personal feeling or words between them."

4. In the absence of proper objections and exceptions, an assignment of error that the court erred in the manner of its cross-examination of the defendant, a witness for himself, can not be considered by the appellate court.

5. In a criminal prosecution a defendant taking the stand as a witness may, as a witness, be impeached.

6. In the absence of proper exceptions to the rulings of the court in admitting or rejecting testimony such rulings will not be considered when assigned as error in the appellate court.

7. Where, in a criminal prosecution, the defendant has testified as a witness, the testimony of other witnesses as to the credibility of the defendant "as a witness in the case being tried" is inadmissible, and should be stricken on motion, since the credibility of the defendant as a witness in the case being tried is a question for the jury to determine. The enquiry should be confined to

the general reputation of the defendant for truth and veracity, as affecting his testimony in any and all cases in which he may be a witness.

8.  In a prosecution for homicide where the testimony shows that the difficulty was precipitated by the threat of the deceased, in the presence of the defendant, to take possession of a hog on the premises of the defendant, the hog being claimed by each of them as his property, testimony as to the general reputation of the deceased for being unable to distinguish between his own hogs and those of other persons is not relevant to the issues being tried and is properly excluded on objection being made thereto.

9.  Where one assignment of error embraces *en masse* the refusals of the court to give several separate and distinct instructions, such assignment of error will not be considered by the appellate court except so far as is necessary to ascertain if any one of the several instructions thus aggregated under one assignment of error was properly refused, and if so found the assignment fails.

10.  In a prosecution for homicide a charge that "in this case the evidence shows that the defendant was and is justified under the law, in taking the life of the deceased, upon the ground of self-defense, and your verdict should be in favor of the defendant," should be refused as invading the province of the jury where there was evidence tending to show the guilt of the defendant, and the facts on which self-defense was claimed were disputed.

11.  The refusals to give requested instructions are not erroneous where the charges given by the court fully and correctly covered the case, and especially where the requested instructions are not correct.

This case was decided by Division A.

Writ of error to the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the Court.

*T. F. West,* for Plaintiff in Error;

*W. H. Ellis,* Attorney General, for the State.

WHITFIELD, J.: Upon an indictment for the murder of William Boyett, the plaintiff in error was convicted of manslaughter in the Circuit Court for Santa Rosa County and brings a writ of error.

At the trial the State Attorney asked one of the witnesses for the State if he knew whether or not there had been any disturbance or litigation about land between the defendant and the deceased before the homicide. The witness answered that a lawsuit between them about some land was begun about a year before, and had not been terminated. The defendant then objected to the question, and moved to strike the answer on the ground "that it was not shown that there was any personal feeling or words between them; the fact that there was litigation is not sufficient." The Court overruled the objection and motion to strike, and an exception was taken. The introduction of the testimony as to the existence of litigation between the deceased and the defendant at the time of the homicide was not improper for the purpose of showing the state of personal feeling between the parties, and as disclosing a motive for the homicide. See Johnson v. State, 24 Fla. 162, 4 South. Rep. 535; Smith v. State, 48 Fla. 307, 37 South. Rep. 573; Binns v. State, 57 Ind. 46; Underhill

on Crim. Ev. Sec. 323; Abbott's Trial Brief, Criminal Causes, (2nd ed.) 543.

The motion to strike the testimony as to the litigation between the deceased and the defendant was not on the ground of irrelevancy, incompetency, legal inadmissibility or impertinency, but on the ground that it was not sufficient.

A motion to strike out evidence that has been introduced in a cause must be predicated upon some feature of irrelevancy, incompetency, legal inadmissibility, or impertinency in the evidence itself and not upon the ground that it is not sufficient. This is the rule in civil causes, and is applicable generally to criminal cases. See Walker v. Lee, 51 Fla. 360, 40 South. Rep. 881; Wilson v. Johnson 51 Fla. 370, 41 South. Rep. 395; Wilcox v. Stephenson, 30 Fla. 377, 11 South. Rep. 659. Evidence will not be stricken out on motion on the ground that it is not sufficient proof of what was intended to be proven by the party introducing it. See State v. Cardoza, 11 S. C. 195, Text 240.

The testimony as to pending litigation between the deceased and the defendant at the time of the homicide was not rendered inadmissible because "it was not shown that there was any personal feeling or words between them," and, consequently, the motion to strike such testimony was properly overruled.

It is assigned as error that "the court erred in the manner of its cross-examination of the defendant, a witness for himself." No objections or exceptions appear to have been made or taken to the questions asked the witness by the Court, and there is apparently no ground for exceptions. In the absence of proper objections and exceptions, this assignment of error cannot be considered here. See Roten

v. State, 31 Fla. 514, 12 South. Rep. 910; Lawrence v. State, 45 Fla. 42, 34 South. Rep. 87.

An assignment of error that "the Court erred in permitting the State to offer testimony showing the general reputation of the defendant for truth and veracity," cannot be considered since no exception was taken to the ruling of the court overruling an objection to such testimony. Shepherd v. State, 36 Fla. 374, 18 South. Rep. 773; Sylvester v. State, 46 Fla. 166, 35 South. Rep. 142; Caldwell v. State, 50 Fla. 4, 39 South. Rep. 188. A defendant taking the stand as a witness may as a witness be impeached as any other witness. 2. Wigmore on Evidence, Sec. 890; Abbott's Trial Brief, Criminal Causes (2nd ed.) 399. See, also Hart v. State, 38 Fla. 39, 20 South. Rep. 805; Green v. State, 40 Fla. 191, text 199, 23 South. Rep. 851; Milton v. State, 40 Fla. 251, 24 South. Rep. 60; Wallace v. State, 41 Fla. 547, 26 South. Rep. 713; Wilson v. State, 47 Fla. 118, 36 South. Rep. 580.

There is an assignment of error that "the court erred in refusing to permit the witness, Franklyn, to testify that the defendant was worthy of belief in this case."

The defendant having testified in his own behalf, the State called a witness, Peter Franklyn, to testify as to the reputation of the defendant for truth and veracity. On cross-examination the witness was asked if the defendant was worthy of belief in *this* case. The answer was: "Yes, it seems he is from what he has told me, and what I know." This answer was stricken by the court and an exception taken. The action of the court was entirely proper since the credibility of the defendant as a witness in *this* case was a question for the jury to determine without the aid of the opinion of another witness as to such credibility. The inquiry should have been confined to the

general reputation of the defendant for truth and veracity as affecting his testimony in any and all cases in which he may be a witness. See Nelson v. State, 32 Fla. 244, 13 South, Rep. 361; Mercer v. State, 40 Fla. 216, 24 South, Rep. 154.

The defendant asked a witness if he knew "what the deceased's general reputation for being able to distinguish between his own property and hogs and that of other people was?" Objections to the questions were sustained and exceptions were taken. The homicide grew out of a dispute as to the ownership of a hog, and it is suggested in the brief for the plaintiff in error that if the deceased had a general reputation in the community of being unable to distinguish between his own hogs and the hogs of other people that evidence of it should have been permitted in order to throw light upon the acts and conduct of the parties engaged in the difficulty.

The testimony tends to show that the difficulty was precipitated by the threat of the deceased in the presence of the defendant to take possession of a hog in a pen on the premises of the defendant, the hog being claimed by each of them as his property. In this state of the case it cannot be said that testimony as to the general reputation of the deceased for being able to distinguish between his own hogs and those of other persons would be relevant to the issues being tried; therefore the objections to the question were properly sustained.

One of the assignments of error is that "the court erred in refusing to give special charges requested by the defendant, number one, two, five, six, seven, nine, ten, eleven, twelve and thirteen." This one assignment of error embraces, *en masse*, the refusals of the court to give ten several requested instructions, and under the rule established

in this court the assignment will not be considered except so far as is necessary to ascertain if any one of the several instructions thus aggregated under one assignment was properly refused. Lewis v. State, 42 Fla. 253, 28 South. Rep. 397; Easterlin v. State, 43 Fla. 565, 31 South. Rep. 350; Eggart v. State, 40 Fla. 527, 25 South. Rep. 144; Jones v. State, 44 Fla. 74, 32 South. Rep. 793; McCoggle v. State, 41 Fla. 525, 26 South. Rep. 734; Kirby v. State, 44 Fla. 81, 32 South. Rep. 836; Pittman v. State, 47 Fla. 91, 34 South. Rep. 88; Shiver v. State, 41 Fla. 630, 27 South. Rep. 36; Griffin v. State, 48 Fla. 42, 37 South. Rep. 209; Parnell v. State, 47 Fla. 90, 36 South. Rep. 165.

The requested instruction numbered one refused by the court was as follows: "In this case the evidence shows that the defendant was and is justified under the law, in taking the life of the deceased, upon the ground of self-defense, and your verdict should be in favor of the defendant."

This instruction was clearly improper as it invaded the province of the jury and was not justified by the facts of this case, since there was evidence of the guilt of the defendant, and the facts on which self-defense was claimed were disputed. See McCray v. State, 45 Fla. 80, 34 South. Rep. 5; Boykin v. State, 40 Fla. 484, 24 South. Rep. 141; Wilson v. State, 47 Fla. 118, 36 South. Rep. 580; Leaptrot v. State, 51 Fla. 57, 40 South Rep. 616.

Having found one of the refused instructions assigned *en masse* to have been erroneous and properly refused the assignment of error will not be further considered. McCoggle v. State, 41 Fla. 525, 26 South. Rep. 734.

The denial of a motion for new trial is assigned as error and among the grounds of the motion are the refusals of the court to give the several instructions, except the first,

mentioned in the assignment of error last above referred to, so the plaintiff in error will have the benefit of a review of the rulings on all the refused charges.

The instructions asked by the defendant and refused by the court numbered 2, 5, 6, 7, 9, 10, 11, 12 and 13 have been carefully considered, and we are of the opinion that they were properly refused because the charges given by the court fully and correctly covered the case, and because the requested instructions were not correct in that they did not contain the propositions, respectively, that the defendant must have believed it was necessary to fire the fatal shot in order to avert a real or reasonably apparent imminent danger to the defendant, and that in order to be justified on the ground of self-defense the defendant must have used all reasonable means within his power and consistent with his own safety to avoid danger and to avert the necessity of taking the life of the deceased. See Blanton v. State filed this day.

This disposes of all the points argued for the plaintiff in error.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J.. concur,

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.