LILLIE PHILLIPS ET AL. v. J. B. HENSLEY ET AL., EXECUTORS OF
B. S. HENSLEY.

(Filed 22 December, 1917.)

1. **Bills and Notes—Negotiable Instruments—Blank Amount—Principal and Agent.**

   A note signed by the maker with blank left for amount, and intrusted by him to another for use, gives implied authority to the one to whom it is delivered to fill in the amount, and in the hands of an innocent purchaser constitutes the one to whom it was delivered the agent of the maker, and is valid and binding upon him.

2. **Same—Banks and Banking—Executors and Administrators—Accounting.**

   A bank is responsible for the conduct of its cashier in having a note signed by a third person as maker, in blank amount, and in wrongfully filling in the blank for a larger sum than intended and misappropriating the surplus to his own use, and where the maker has since died and the transaction is an item of the account with his administrator, the full amount thereof will not be allowed as a credit.

CIVIL ACTION tried before *Ferguson, J.,* at June Term, 1917, of YANCEY.

This proceeding was instituted before the clerk of the Superior Court of Yancey County for the settlement of the estate of B. S. Hensley, and involves the auditing of the account of his executors, J. B. Hensley and Moulton Hensley. The final account of the executors was approved by the clerk, and the heirs at law and distributees, who are the plaintiffs, appealed to the Superior Court. The cause was referred to W. M. Mc-Nairy to state the account and find the facts and render judgment.

Upon the coming in of the report the plaintiffs filed exceptions thereto. Upon the hearing before Ferguson, judge, a judgment was rendered June, 1917, from which defendants appealed.

*R. W. Wilson, W. C. Newland, S. J. Ervin, W. L. Lambert, Pless & Winborne for plaintiffs.*
*Merrimon, Adams & Johnston, Charles Hutchins, Hudgins & Watson, J. Bis Ray for defendants.*

BROWN, J. The controversy centers around a note for $14,000 for which the executors claim credit. In reference to this note, the referee finds these facts, which are adopted by the judge:

On the 24th day of October, James B. Hensley owed the Citizens Bank of Burnsville four notes amounting to $10,600; in order to pay same, he secured one Carter Higgins to take a blank bank note to his father, B. S. Hensley, for his signature, leaving the amount of said note, the time of its maturity, and the party to whom payable blank, and the said testator upon receipt of this blank note signed his signature to same and returned it to J. B. Hensley, leaving the amount of said note, the time of its maturity, and the party to whom payable blank, and the said J. B. Hensley inserted the sum of $14,000 payable to the Citizens Bank twelve months after date.

The cashier of the bank, J. B. Hensley, discounted the note, deducting as discount $840, and out of the proceeds paid a note of $4,000 B. S. Hensley owed the bank, credited B. S. Hensley's account with $1,100, and deposited to his own credit $1,460, and then with the remainder paid four notes aggregating $10,600 that the cashier himself owed the bank.

The executors claim to have paid to the bank the $14,000 in full, and ask credit for that sum. It is contended by plaintiffs that the note is not a valid indebtedness of B. S. Hensley, and that if the executors are not entitled to credit for the whole $14,000 as upon a proper adjustment, B. S. Hensley did not owe the bank that much on the note.

There is no doubt that the note, although signed in blank, is a valid

obligation binding upon the estate of the testator. It is well settled that if the maker of an instrument intrusts it to another for use with blanks to fill up, such instrument so delivered carries on its face an implied authority to fill up the blank spaces and deliver the instrument.

As between such party and innocent third persons, the person to whom the instrument is intrusted is deemed the agent of the party who committed the instrument to his authority. The ruling is founded upon the principle that where one of two persons must suffer by the bad faith of another, the loss must fall upon the one who first reposed the confidence and made it possible for the loss to occur. This subject is fully discussed and the authorities cited in *Rollins v. Ebbs,* 138 N. C., 144.

When the $14,000 note was discounted it was the cashier's duty to place the net proceeds, after paying the $4,000 note, to B. S. Hensley's credit; whereas he placed only $1,100. The remainder he wrongfully abstracted and applied it to his own debts and to his own credit.

It is evident that upon the facts found the cashier should have placed $9,160 to B. S. Hensley's credit, instead of $1,100. He wrongfully converted the balance to his own use. That the bank is liable for the conduct of its cashier in appropriating a customer's funds to his own use is plain. *LeDuc v. Moore,* 111 N. C., 518. So when B. S. Hensley died the bank owed him $8,060 and he owed the bank $14,000, leaving a balance due the bank of only $5,940. The executors were not authorized to pay any more, and are therefore not entitled to any larger credit. When the matter was heard by Judge Ferguson he came to the same conclusion and made a very clear statement of his findings, but he inadvertently overlooked the $1,100 placed to B. S. Hensley's account and which it appears he had drawn out.

The costs of this Court will be taxed against defendants and their appeal bond.

Modified and affirmed.