Reliance Fertilizer Company v. J. A. Davis

161 So. 385.
Division B.
Opinion Filed May 13, 1935.

314

*Kay, Adam, Ragland & Kurz* and *R. C. Horne,* for Plaintiff in Error.

*Davis & Davis,* for Defendant in Error.

BUFORD, J.—The writ of error here under consideration is to review a judgment in favor of defendant entered upon demurrer to pleas being overruled.

There were two pleas involved. To all intents and purposes they were alike.

The declaration was on covenant.

Both pleas were vague, indefinite and insufficient. The pleas set up no lawful defense. They attempted to set up an oral agreement between the defendant and a third party which contradicted the terms of the written instrument sued on. They also attempted to set up an accord and satisfaction between the defendant and a third party. The pleas also allege that the note was signed in blank with the understanding that the third party named in the pleas would have the blanks properly filled in. It is argued that the plea denies that the name of the payee of the note appeared in the note when it was signed but the plea does not make that allegation. The plea says, in this regard:

"One, R. W. Gray, the then acting agent of the said Macklin, presented a paper to the defendant and advised him that it was a promissory note 'in blank' which the said Macklin wanted him, the defendant, to sign for the fertilizer so furnished the defendant by the said Macklin and that the said Macklin would fill in the blanks; that there were blank places or spaces in said note, but this defendant having confidence in the good intentions of the said Macklin and believing that he would in good faith properly fill in the blank spaces in said promissory note and that he would see to it that the note was payable to him, the said Macklin, this defendant, without demur signed the said note with the blank spaces therein and delivered it to the said Gray to be delivered to the said Macklin;"

The pleas did not deny that the debt existed; that the fertilizer for the payment of which the written instrument was executed, was delivered to the defendant and accepted and used by him. But, even if the name of the payee had not been in the note when it was signed it could have been inserted later under the conditions alleged in the plea. It is settled that a holder for value of negotiable paper otherwise perfect has the right to fill in the name of the payee. Grand Lodge K. of P. v. State Bank of Fla., 79 Fla. 471, 84 Sou. 528. The rule is adhered to in other jurisdictions. Roth v. Donnelly Grocery Co., 8 Ga. App. 851, 70 S. E. 140; Phillips v. Hensley, 175 N. C. 23, 94 S. E. 673; Finley v. Rose, 189 Ky. 359, 224 S. W. 1059.

Besides the attempt to plead accord and satisfaction the pleas attempt to set up an agreement that the note was not to be paid in money but was to be paid in tomatoes or other vegetables. Such a plea constitutes no defense to the note. See Forbes v. Ft. Lauderdale Mercantile Co., 83 Fla. 66, 90 Sou. 821, wherein we said:

"In an action by the payee upon an unambiguous promissory note against the maker, a plea averring as a defense thereto a parol, contemporaneous, collateral agreement between the parties exempting the maker from liability thereon, sets up no defense to the action and upon motion will be stricken.

"A party cannot, either at law or in equity, contradict or vary the terms of his written unambiguous contract by showing that notwithstanding he signed such contract it was with the understanding resting in parol that he was not to be bound by its terms, and a plea averring such defense to an action upon such written contract will upon motion be stricken because it sets up no defense to the action susceptible of legal proof."

As the pleas set up no defense, the order overruling demurrer thereto constitutes error and the judgment must be reversed and the cause remanded with directions that same be returned to the rolls for settlement of pleadings and further proceedings in accordance with law and the rules of practice.

It is so ordered.

Reversed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.