SILVER LAKE ESTATES CORPORATION v. J. C. MERRILL, as co-partner of A. J. SMYTHE, doing business under the firm name and style of SMYTHE & COMPANY, J. C. MERRILL, individually, and SILVER SPRINGS FRUIT COMPANY.

163 So. 7.
Opinion Filed July 31, 1935.

*P. C. Gorman,* for Plaintiff in Error;

*W. M. Kennedy,* for Defendants in Error.

BUFORD, J.—Writ of error in this case brings for review judgment in favor of defendant who was alleged to have been a member of a co-partnership.

It is contended on brief that the trial court erred when

instructing the jury generally on partnership in that he gave a charge which omitted any reference to the liability of a secret partner when the pleadings in the case raised the issue of a partnership and there was some evidence to sustain the position that one of the defendants, J. C. Merrill, was a secret partner and liable for partnership debts.

It is next contended that a certain charge given by the court was insufficient because plaintiff requested the court to give a general charge on partnership.

It is next contended that the verdict of the jury was contrary to the evidence.

There was no exception reserved to the charge of the court. Neither does the record show the request for any proper charge which was not given. In fact, the record does not show any charge which was requested by the plaintiff in error. The only reference to charges contained in the motion for new trial is ground Three (3) which reads as follows:

"Because the charge of the court to the jury concerning the liability of a secret partner was erroneous."

This statement of a ground in motion for new trial is too vague and indefinite to point out any infirmity or error in a charge which had been given by the court and as to which no exception had been taken.

In this state of the record there is nothing presented for us to review. Daly v. State, 67 Fla. 1, 64 So. 358; Bogue v. McDonald, 14 Fla. 66; Dupont v. Baker, 14 Fla. 272; Williams v. State, 32 Fla. 251, 13 So. 429; Thalheim v. State, 38 Fla. 169, 20 Sou. 938; McRainey v. Langston, 92 Fla. 903, 110 So. 536; Melbourne v. State, 51 Fla. 69, 40 Sou. 189.

"Error can not be assigned upon the judge's failure to charge upon any question of law unless the party desiring

it shall have requested the desired instruction." Carter v. Bennett, 4 Fla. 283; Cato v. State, 9 Fla. 163; Reed v. State, 16 Fla. 564; Lungren v. Brownlie, 22 Fla. 491; Blount v. State, 30 Fla. 287, 11 So. 547; Carr v. State, 45 Fla. 11, 34 So. 892; Lindsey v. State, 53 Fla. 56, 43 So. 87; Dugh v. State, 55 Fla. 150, 45 So. 1023; Key West v. Baldwin, 69 Fla. 136, 67 So. 808; Herndon v. State, 73 Fla. 451, 74 So. 511; Cross v. State, 73 Fla. 530, 74 So. 593; Hobbs v. State, 77 Fla. 228, 81 So. 444; Witt v. State, 80 Fla. 38, 85 So. 249; Cason v. State, 86 Fla. 276, 97 So. 720; Stanley v. State, 93 Fla. 372, 112 So. 73; Peninsular Naval Stores Co. v. Mathers, 96 Fla. 620, 119 So. 333."

"In order to enable an appellate court to review the ruling of the trial court in giving or refusing charges an exception duly taken to such ruling must be made to appear of record (Stewart v. Mills, 18 Fla. 57; Parnell v. State, 47 Fla. 90, 36 So. 165; Savannah, etc., Ry. Co. v. Brink, 44 Fla. 713, 33 So. 245; Potsdamer v. State, 17 Fla. 895) by a bill of exceptions. Mathis v. State, 70 Fla. 194, 69 So. 697; Clark v. State, 59 Fla. 9, 52 So. 518; Freeman v. State, 50 Fla. 38, 39 So. 785."

The evidence was conflicting, but there is substantial evidence, as disclosed by the record, to sustain the verdict.

For the reasons stated, the judgment must be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.