RELIANCE FERTILIZER COMPANY v. J. A. DAVIS.

169 So. 579.
Division B.
Opinion Filed July 21, 1936.

860

*Thos. B. Adams* and *R. C. Horne,* for Plaintiff in Error; *Davis & Davis,* for Defendant in Error.

Buford, J.—The writ of error brings for review judgment in favor of the defendant.

The assignments of error are as follows:

"1. The court jointly and severally erred in each of his charges to the jury from No. 2 to No. 15, inclusive.

"2. That the court erred in overruling the plaintiff's motion for directed verdict at the completion of all testimony.

"3. That the court erred in giving the requested charge of the defendant, as follows: 'You are charged that where fertilizers shipped into this State to the Agent of the shipper to be sold by such Agent, and the Agent thereafter sells a part of such fertilizers and suit is brought by the shipper, not against the Shipper's Agent, but against the customer for the purchase price of such fertilizers, the shipper will be held to be doing business in this State. If, therefore, you believe that the Plaintiff shipped fertilizers to C. D. Tomlinson and that C. D. Tomlinson was the Agent of the Reliance Fertilizer Company, and that thereafter Tomlinson sold a part of the fertilizer to the defendant Davis payable to the Plaintiff, Reliance Fertilizer Company, the said Reliance Fertilizer Company be held to be doing business in this State, and you should return a verdict for the defendant, J. A. Davis.'

"4. The Court jointly and severally erred in overruling Plaintiff's Motion for a New Trial.

"5. The Court erred in and by entry of its Final Judgment in favor of the Defendant.

"6. That the Court erred in entering Judgment in favor of the Defendant against the Plaintiff barring Plaintiff's action against the Defendant upon Defendant's Plea.

"7. That the final judgment in said cause is erroneous and invalid in that it is Judgment barring Plaintiff's action and should be a judgment abating Plaintiff's Action."

The first assignment of error cannot be considered because the record does not show that exceptions were taken by the plaintiff in error to the charges referred to at the time that they were given. Charges not excepted to cannot

be assigned for error. Williams v. State, 32 Fla. 251; Connell v. State, 47 Fla. 90, 36 Sou. 165; Easterlin v. State, 47 Fla. 565, 31 Sou. 350. Objection to charges if not made at the time the charges were given or embraced in motion for a new trial will not be considered by the appellate court. Bynum v. State, 46 Fla. 142, 35 Sou. 65.

The motion for new trial with the ruling thereon does not appear in the bill of exceptions. The motion for new trial is recited in the record proper and while it is not authenticated in the bill of exceptions it is sufficiently identified to be considered under the provisions of Section 4 of Chapter 12019, Acts of 1927, Sec. 4612 C. G. L.

The first assignment of error challenging the correctness of charges No. 2 to 15, inclusive, cannot be considered because no exceptions were taken to the charges by the plaintiff in error at the time they were given, nor was the giving of such charges made a ground of the motion for a new trial. See Alexander v. Rhine, 78 Fla. 313, 82 Sou. 831; Citizens Bank of Williston v. Williams, 91 Fla. 587, 110 Sou. 252; G. & A. Insurance Co. v. Suarez, 107 Fla. 705, 146 Sou. 644; Jarvis v. State, 115 Fla. 320, 156 Sou. 310.

Assignment of error No. 3 challenging the action of the court in giving a special instruction requested by the defendant was brought to the attention of the court by the sixth ground of the motion for a new trial.

The assignment of error omits a part of the language of the charge. The last sentence of the charge as given was as follows:

"If, therefore, you believe that the plaintiff shipped fertilizers to C. D. Tomlinson and that C. D. Tomlinson was the agent of the Reliance Fertilizer Company, and that thereafter Tomlinson sold a part of the fertilizer to the defendant, J. A. Davis, and thereafter he took a note from the de-

fendant, Davis, payable to the plaintiff, Reliance Fertilizer Company, the said Reliance Fertilizer Company be held to be doing business in this State, and you should return a verdict for the defendant, J. A. Davis."

It will be observed after comparing the charge as given with the charge as attempted to be quoted in the assignment of error that in the quotation appearing in the assignment of error the words following the word "defendant" where it first appears, to-wit: "J. A. Davis and thereafter he took a note from the defendant" do not appear. Plaintiff in error contends that the charge was not applicable to this case and that a transaction such as is described in this charge would constitute a transaction in interstate commerce. The charge as given very clearly states the conditions under which the goods, wares or merchandise will be held to be sold in intrastate commerce and not interstate commerce. First, the charge contemplates that it must be shown that the fertilizers were *shipped into this State to the Agent* of the shipper to be *sold* by such agent. Second, it contemplates that it must be shown that the *agent after receiving* the fertilizer from the shipper *sells* a part of such fertilizer to the customer, and third, that thereafter the shipper brought suit against the customer for the purchase price sold by shipper's agent to the customer in Florida. Under such conditions it could not be successfully contended that the transaction was interstate in character.

When the fertilizer was delivered from the shipper to the shipper's agent in Florida it thereupon lost its interstate character and became an article of merchandise to be disposed of in intrastate commerce by the agent of the shipper to customers.

It is well settled that where goods handled by the agent of manufacturer or shipper have ceased to be the subject

of interstate commerce; have come to rest in a State other than that in which they were manufactured and from which they were shipped; and are sold, in trade in that State to which they have been shipped, and delivered by the agent of the shipper, such sale by such agent to the customer is an intrastate transaction and the shipper, whether an individual or a corporation, will under these conditions be held to be doing business within the State where such sale is consummated. American Steel & Wire Co. v. Speed, 110 Tenn. 524, 75 S. W. 1037, affirmed 192 U. S. 500; Duluth Music Co. v. Clancy, 139 Wis. 189, 131 Am. St. Rep. 1051, 120 N. W. 854; Milsom Rendering & Fertilizer Co. v. Kelley, 10 Pa. Sup. Ct. Rep. 565; John Deere Plow Co. v. Wayland, 69 Kan. 255; 76 Pac. 863, 2 Am. Cas. 304; American Case & Register Co. v. Griswold, 128 N. Y. Sup. 206, affirmed 206 N. Y. 723, 100 N. E. 1124.

The fourth assignment of error challenging the action of the court in overruling plaintiff's motion for new trial is necessarily disposed of by the disposition of the other assignments of error.

Assignment of error numbered 2 challenging the action of the court in denying plaintiff's motion for directed verdict is without merit.

Assignments of error numbered 5, 6 and 7 are treated by plaintiff in error under what he terms his sixth question, which is as follows:

"6. Should a judgment based upon a defense involving Chapter 5717, Acts of 1907, be a judgment in bar, or a judgment abating, the action?"

And its contention is that although the question was not presented to the lower court, the judgment should have been one abating the action until such time as the plaintiff corporation should have complied with the provisions of Sections

4095 to 4098 R. G. S., 6026 to 6029 C. G. L., requiring foreign corporations to file charter and receive permits to transact business in this State.

The attorneys for plaintiff in error in their brief filed herein said:

"After the settling of the Bill of Exceptions and determining to appeal this case after proper arrangements had been made with client, in getting together the files for the purpose of making the record it was discovered that no final judgment was entered. Whereupon the matter was called to the court's attention, and the writer prepared a suggested form of judgment to be entered *nunc pro tunc,* and submitted the same to Hon. R. R. Rowe, who signed the same and directed its recordation for the basis of this writ of error."

It, therefore, appears that if there is any error in the judgment, plaintiff in error, through its attorneys, invited the error and, therefore, can take no advantage of it.

In the case of Reliance Fertilizer Company v. Davis, 119 Fla. 313, 161 Sou. 385, we had under consideration judgment in favor of defendant entered upon demurrer to the pleas being overruled. We held that the demurrers to the pleas should have been sustained. After the mandate went down the case was tried on an amended Third plea, which plea put in issue the question of whether or not the defendant had complied with the statutes, Secs: 4095 to 4098 R. G. S., 6026 to 6029 C. G. L. So that is in fact the only issue determined by the verdict and the only proper issue to be determined by the judgment. The evidence was entirely sufficient to support the verdict and judgment.

The judgment is, therefore, affirmed, but with leave to the lower court, on proper application therefor, to modify the same so as not to constitute a bar to action by the plain-

tiff in the court below to maintain a suit on the obligation involved in this case, should it be advised to comply with the statutes in such cases made and provided and thereby place itself in position to maintain an action in the courts of this State.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.