Smith v. Bank.

SMITH *et al. v.* MERCANTILE BANK *et al.*[*]

(*Jackson.*   April Term, 1915.)

BANKS AND BANKING.  Representation of bank by president.  In-
dividual fraud of officer.  Notice to bank.

Where the president of a bank used his mother-in-law's notes,
deposited with him for collection, as security for a loan, which
he, as president and acting for the bank, made to himself on his
own note, he alone acting in the transaction, notice of the char-
acter of the notes as a trust deposit was imputed to the bank,
since, although where an agent acts in fraud of his principal
such agent's notice of the character of the transaction will not
be imputed to the principal, nevertheless where such agent, as in
the instant case, is the sole representative of the principal in
the transaction, the principal is chargeable with notice; there
being no room under the facts for the presumption that the
agent dealing with his principal on his own account will not
communicate his knowledge when it is to his interest to con-
ceal it.

Cases cited and approved:  Wood v. Green, 131 Tenn., 583; Provi-
dent, etc., Assn. Society v. Edmonds, 95 Tenn., 53; Brookhouse
v. Union Pub. Co., 2 L. R. A. (N. S.), 993; Le Duc v. Moore,
111 N. C., 516; Lilly v. Hamilton Bank, 29 L. R. A. (N. S.), 558;
First Nat. Bank v. Blake (C. C.), 60 Fed., 78.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County
to the Court of Civil Appeals, and by *certiorari* from
the Court of Civil Appeals to the Supreme Court.—
FRANCIS FENTRESS, Chancellor.

---

[*]For cases passing upon imputation of knowledge of bank officers
to bank, where officers are personally interested, see notes in 2
L. R. A. (N. S.), 993; 29 L. R. A. (N. S.), 558 and 49 L. R. A.
(N. S.), 764.

R. P. Cary, for petitioners.

Caruthers Ewing, for defendant.

Mr. Justice Green delivered the opinion of the Court.

In this case Jo. L. Hutton, receiver, is winding up the affairs of the Mercantile Bank, an insolvent corporation. Mrs. Belle K. Allison filed an intervening petition to recover from his possession certain notes which came into his hands as receiver of the said bank. There was a decree in her favor by the chancellor which was affirmed by the court of civil appeals, and the case is before us on petition for *certiorari.*

Petitioner is the mother-in-law of C. H. Raine, formerly the president of the Mercantile Bank. She turned over to her son-in-law a hundred notes for $100 each, known in the record as the College.of Physicians and Surgeons' notes. These notes were turned over to Mr. Raine by Mrs. Allison to be collected by the bank and placed to her credit there as they matured. Mr. Raine put them in his box in the bank vault. Some of them were collected and passed to the credit of Mrs. Allison's account.

Later, the remaining notes were appropriated by Mr. Raine and placed as collateral security to a note of $21,510.50, which he individually had negotiated with the bank.

The receiver contends that the bank became an innocent holder of the said notes, and that he is entitled to hold them notwithstanding Mr. Raine's fraud.

The receiver also insists that this case is an exception to the rule that knowledge or notice on the part of the agent is to be treated as notice to his principal, for the reason that in this transaction Mr. Raine's interest was adverse to the bank and he represented himself, and not the bank, in putting up Mrs. Allison's notes as collateral security for his note.

The principal is not ordinarily charged with the knowledge of the agent in a matter where the agent's interests are adverse to those of the principal. The rule that the principal is charged with the agent's knowledge is founded on the agent's duty to communicate all material information to his principal, and the presumption that he has done so. Such a presumption, however, cannot be indulged where the agent is acting in his own behalf, when his interest is antagonistic to that of the principal, "and any conclusion drawn from a presumption that he has done so is contrary to all experience of human nature." 3 R. C. L., 479. See, also, *Wood* v. *Green,* 131 Tenn., 583, 175 S. W., 1139; *Provident, etc., Assur. Society* v. *Edmonds,* 95 Tenn., 53, 31 S. W., 168; 2 C. J., 868.

If Mr. Raine had negotiated these notes of Mrs. Allison with any other officer or agent of the Mercantile Bank, the case would fall, no doubt, within the exception to the general rule that a principal is affected with the knowledge of his agent, and inasmuch as Mr. Raine was acting in his own behalf and interest, antagonistic to the bank, the bank would not have been charged with

his knowledge of the fact that he was fraudulently misappropriating his mother-in-law's securities.

In this case, however, it does not appear that any agent of the bank figured in this transaction except Mr. Raine alone. He appears to have made this loan to himself, and he, acting for the bank, appears to have accepted his own note and the collateral he offered with the note. This is plainly inferable from the record. The answer of the receiver discloses a memorandum made by Mr. Raine himself in which he ordered Mrs. Allison's notes to be collected and credited on his own note. He appears to have acted both for himself and the bank in the transaction.

Under these circumstances, the weight of authority is said to be—

"in favor of a qualification of the foregoing exception so as to exclude therefrom, and therefore to bring within the general rule which charges the principal with the knowledge possessed by the agent, cases where the officer, though he acts for himself or for a third person, is the sole representative of the corporation in the transaction in question."

See note to *Brookhouse* v. *Union Pub. Co.*, as reported in 2 L. R. A. (N. S.), 993, 994.

There is said to be no room in such a case for the presumption that an agent, dealing with his principal on his own account, will not communicate his knowledge when it will be to the agent's interest to conceal that knowledge. If the agent is the sole representative of the principal in the transaction with himself,

there is no one to whom he can communicate his knowledge, nor any one from whom he might conceal it.

"If he was the sole representative of each party, each must have had equal knowledge. As the representative of the bank, his knowledge was not affected by his private interest, however much his conduct may have been. He necessarily knew as much in one capacity as he did in the other." *First Nat. Bank* v. *Blake* (C. C.), 60 Fed., 78.

See *Le Duc* v. *Moore,* 111 N. C., 516, 15 S. E., 888, and numerous cases collected in a note under *Lilly* v. *Hamilton Bank,* as reported in 29 L. R. A. (N. S.), 558, 562.

So in this case, applying the authorities to the facts stated, we think the bank was charged with knowledge of Raine's lack of title to the notes of Mrs. Allison, and the bank was not an innocent holder of the said notes.

Petition for *certiorari* denied.