MRS. L. W. STANSELL v. T. J. PAYNE AND THE INDUSTRIAL BANK OF MECKLENBURG.

(Filed 13 May, 1925.)

**Banks and Banking—Officers—Principal and Agent—Bills and Notes—Endorsers—Holder with Notice.**

The president of a bank has no implied right from his official position to use the moneys of the bank for his own advantage, and where he has endorsed in the name of the bank, a note given by a corporation or third person wherein he is pecuniarily interested, to a payee, the transaction puts the payee upon notice of the want of authority of the president to so act for the bank, and where the bank has no financial interest in the transaction and the president no express authority so to bind it, the payee of the note may not recover from the bank as endorser the amount due her thereon.

APPEAL by defendant, Industrial Bank of Mecklenburg, from *Lane, J.,* at February Term, 1925, of MECKLENBURG.

From judgment upon statement of facts agreed, defendant, Industrial Bank of Mecklenburg, appealed to the Supreme Court. The only exception is to the judgment.

*John James and James A. Lockhart for plaintiff.*
*Louis B. Vreeland and Hamilton C. Jones for defendant.*

CONNOR, J. On 5 November, 1923, T. J. Payne, acting as and in the name of Carolina Farms and Development Company executed a note, in words and figures as follows:

$2,000                                    Charlotte, N. C., 5 Nov., 1923.

Four months after date, without grace, we promise to pay to the order of Mrs. L. W. Stansell, at the Security Savings Bank, two thousand dollars, at its banking house, with interest after maturity at the rate of six per cent per annum till paid. Value received. All endorsers of this note waive notice of its dishonor.

CAROLINA FARMS & DEVELOPMENT COMPANY,
By T. J. PAYNE.

Said note was endorsed by T. J. Payne. The said T. J. Payne was on said date, and for some time prior thereto had been president of defendant Industrial Bank of Mecklenburg. At the time he executed and personally endorsed said note, he also placed thereon, with a stamp, the words "Industrial Bank of Mecklenburg, by T. J. Payne, President."

After said note had been thus executed and endorsed by T. J. Payne, he delivered same to plaintiff, who thereupon, as consideration for said note, delivered to said T. J. Payne her four checks, aggregating $1,-946.67, payable to Carolina Farms & Development Company. These checks were collected by the said T. J. Payne. No part of the proceeds of said checks was received by defendant, Industrial Bank of Mecklenburg.

Plaintiff had known T. J. Payne since 23 July, 1923, during which time he was president of Industrial Bank of Mecklenburg and a director of the Security Savings Bank. She is a widow. He had looked after her personal business. He applied to her for the loan of this money, which was a part of the proceeds of policies of insurance upon her deceased husband's life. She saw him execute the note and sign his name on the back of the note as president of the defendant company. She relied upon the endorsements on the note. He did not tell her the purposes for which he borrowed the money. She had previously loaned $1,500 to defendant, and had received therefor note signed by the cashier of defendant. This note had been paid promptly, at maturity. Plaintiff acted in good faith in this transaction and believed that the endorsement made by T. J. Payne, as president, was a valid endorsement by defendant.

The note upon which this action is brought was not paid at maturity. This action was begun on 27 August, 1924. T. J. Payne had fled the State, and no personal service of summons has been made upon him. His property in this State was attached and the sum of $459.65 was realized from a sale thereof. This sum was applied as a payment on the note, on 24 December, 1924. No other or further payment has been made on said note. Judgment was rendered that plaintiff recover of defendant, Industrial Bank of Mecklenburg, the sum of two thousand dollars, with interest from 5 March, 1924, and costs, subject to a credit of $459.65 as of 24 December, 1924. Defendants excepted to this judgment, contending that it was not liable on said note, by reason of the endorsement thereon.

T. J. Payne had no express authority from defendant to endorse in its name the note upon which this action is brought. Nor can such authority be implied from the facts agreed as stated in the record. The implication does not arise from the mere fact that T. J. Payne, on the date of the endorsement of the note, was and for some time prior thereto had been, president of defendant. The president of a corporation is but "the executive agent of the board of directors, to perform such duties as may be devolved upon him; he is not the corporation and cannot take the place of the governing board, and make contracts or incur liabilities

outside the ordinary business of the bank, without special authority." 3 R. C. L., 440. *Dowd v. Stephenson,* 105 N. C., 467. There had been no transactions between plaintiff and T. J. Payne, as president of defendant bank, prior to the endorsement of this note, in the interest of the bank, from which his authority to endorse the note could be implied. She had previously loaned $1,500 to the bank, but the note for this loan was executed by the cashier of the bank, and the loan was made to the bank. This loan was made to the Carolina Farms & Development Company. There was no representation that the bank had any interest in the loan; plaintiff's checks, given in consideration of the note, were payable to Carolina Farms & Development Company and delivered to T. J. Payne, who executed the note in its name, and personally endorsed the same.

Defendant bank had no interest in the loan; T. J. Payne had a personal interest in the transaction. In *Brite v. Penny,* 157 N. C., 110, *Justice Brown,* writing for this Court, said: "We recognize the general doctrine held by all courts, that a corporation is not bound by the action or chargeable with the knowledge of its officers or agents in respect to a transaction in which such officer or agent is acting in his own behalf and does not act in any official or representative capacity for the corporation."

This principle has been approved in numerous opinions of this Court, and has been uniformly and consistently applied in numerous cases brought to this Court by appeal. *Corporation Commission v. Bank,* 164 N. C., 357.

In *Grady v. Bank,* 184 N. C., 158, *Chief Justice Clark,* writing for the Court, says: "It is a well settled principle of law that the cashier cannot bind the bank by his acts in respect to matters in which he is personally interested, and third persons are bound to know that the cashier has no authority to use the funds of the bank for his own benefit." See, also, *Bank v. West,* 184 N. C., 220.

In *Trust Co. v. Trust Co.,* 188 N. C., 766, we held that the guaranty of the note of a customer of the bank, by its cashier, who had authority to discount notes owned by his bank, was binding on the bank, where the cashier had no personal interest in the transaction and the proceeds of the discount were credited to the account of the bank. The facts of this case make it easily distinguishable from the instant case. So, in *Williams v. Bank,* 188 N. C., 197, we held the bank liable to a customer, for whom the bank had duly discounted a note, the proceeds of which the cashier had not applied as directed by the customer. In that case the cashier had received the proceeds of the note, within the scope of his authority as cashier, and the bank was properly held liable

for the misapplication. The principle of law which was held decisive in *Grady v. Bank, supra,* did not apply.

The principle that where one of two persons must suffer by the wrongful act of another, the loss must fall upon the one who first reposed the confidence and made it possible for the loss to occur, cannot avail plaintiff upon the facts in this case. Defendant is liable for the acts of its agent, T. J. Payne, only when within the scope of his authority, express or implied. It is plaintiff's misfortune that she made no inquiry as to the authority of the president to endorse the note. She had notice that he was acting, in this transaction, not in the interest of defendant bank, but in the interest of himself, or at least of a third party—Carolina Farms & Development Company. She acted in good faith, and believed the endorsement made upon said note, in name of defendant, by its president valid. This fact elicits sympathy for her, but cannot fix defendant with liability for the unauthorized act of T. J. Payne.

The exception to the judgment must be sustained. Upon the facts as stated in this record, defendant is not liable to plaintiff on account of the alleged endorsement. There is error and the judgment must be
Reversed.