PIERCE CONCRETE, INC. v. CANNON REALTY & CONSTRUCTION CO., INC., AND CLAYTON CANNON D/B/A CANNON CONSTRUCTION COMPANY

No. 853DC169

(Filed 15 October 1985)

**Corporations § 8— personal liability of corporate president for debt—summary judgment for plaintiff proper**

> Summary judgment was properly granted for plaintiff against the individual defendant, the corporate president, in an action by a supplier on a building materials account where defendant's corporate charter had been suspended before the deliveries for which plaintiff claimed payment and defendant's president had signed three company checks for payments on the account without any representation as to his signatory capacity. Purported corporate acts performed during the period of suspension are generally invalid and of no effect, the individual defendant's authority to act as agent of the corporation extended only to matters within the ordinary scope of the corporation's business, the suspended corporation had no statutory right to conduct as part of its ordinary business the transactions at issue here, nothing in the record suggests any course of dealing between plaintiff and the corporation which would charge plaintiff with knowledge that the corporation would not honor defendant's promises, defendant raised no defense to his personal liability, defendant admitted that the goods had been received, the prices were reasonable, payment had been duly demanded and not made, and the amount of the debt was not disputed. G.S. 105-231.

APPEAL by defendant Clayton Cannon from *Ragan, Judge.* Judgment entered 17 October 1984, *nunc pro tunc* 8 October 1984, in District Court, CRAVEN County. Heard in the Court of Appeals 25 September 1985.

· Plaintiff supplier sued for the balance due on a building materials account. Plaintiff's delivery receipts indicated delivery to "Cannon Realty" and "Cannon Construction Co." Cannon Realty was a corporation whose full name was "Cannon Realty & Construction Co., Inc." Defendant Clayton Cannon, who also did business as "Cannon Construction Co.," was the president of the corporation. The corporate charter had been suspended by the State Department of Revenue in March 1982, for non-payment of franchise taxes, and was never reinstated. The deliveries for which plaintiff claimed payment all took place after August 1982, the opening month of the account at issue. Three payments were made on the account after August 1982, all by checks written on the account of Cannon Construction Co. and signed by Clayton

Cannon without any representation as to his signatory capacity. Plaintiff moved for summary judgment on the foregoing facts. From judgment for plaintiff against him in the amount of the account, defendant Clayton Cannon appeals.

*Henderson, Baxter & Alford, by Benjamin G. Alford, for plaintiff-appellee.*

*Bennett, McConkey, Thompson and Marquardt, by Thomas S. Bennett and James Q. Wallace, III, for defendant-appellant.*

EAGLES, Judge.

The question presented is whether summary judgment was appropriate, i.e., was there a genuine issue of material fact as to whether the unpaid account constituted an indebtedness of the suspended corporation or an individual indebtedness of Clayton Cannon. On this record we conclude that the trial court was correct in allowing summary judgment against Clayton Cannon personally for the amount of the account.

I

The purpose of summary judgment is to prevent unnecessary trials when there are no genuine issues of fact and the defenses are frivolous, and to separate any issues that are present. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). Even though issues of fact may exist, summary judgment should be granted if those factual issues are not material. *Nasco Equipment Co. v. Mason*, 291 N.C. 145, 229 S.E. 2d 278 (1976). Once the movant has established its right to summary judgment, the non-movant may not rest upon conclusory allegations but must come forward with affidavits showing that a material factual dispute exists. *Id.* Assuming *arguendo* that defendant has raised a legitimate factual issue, we conclude that that issue is not material.

II

When a corporate charter has been suspended for failure to pay franchise taxes, as here, the corporation loses its state-granted privileges. G.S. 105-230. Purported corporate acts performed during the period of suspension are generally invalid and of no effect. G.S. 105-231. The effect of G.S. 105-231 is not absolute, *Parker v. Life Homes, Inc.*, 22 N.C. App. 297, 206 S.E. 2d

344 (1974) (approving purchase and sale of property by suspended corporation), but it certainly prevents corporations from continuing to conduct their business as usual. R. Robinson, N.C. Corporation Law and Practice 29-16 (3d ed. 1983); *see* G.S. 55-114(b) (dissolved corporation remains in existence only to wind up affairs). Defendant admits that the corporate charter was suspended, yet argues that he is not personally liable for these purchases because they were made by the corporation.

### III

Defendant admitted that he and his agents received the supplies; he contends, however, that they acted on behalf of the corporation. Even if we were to assume that the suspended corporation could take delivery and enter into an agreement to pay, individual defendant, to the extent he was involved, was acting in his capacity as president and agent of the corporation. G.S. 55-34; *Burlington Industries, Inc. v. Foil,* 284 N.C. 740, 202 S.E. 2d 591 (1974). His authority as agent of the corporation extended only to matters within the ordinary scope of the corporation's business. *Id.* As discussed above, the suspended corporation had no statutory right to conduct as part of its ordinary business the August 1982 and later transactions which are at issue here. G.S. 105-231. Nothing in this record suggests any course of dealing between plaintiff and the corporation which would charge plaintiff with knowledge that the corporation would not honor defendant's promises. *See Stansell v. Payne,* 189 N.C. 647, 127 S.E. 693 (1925). Here defendant acted outside the scope of his authority and would be personally liable even if we were to accept his contention that he was acting on behalf of the suspended corporation. *See Whitten v. Bob King's AMC/Jeep, Inc.,* 30 N.C. App. 161, 226 S.E. 2d 530 (1976) (president had no authority to contract, liable personally unless specifically relieved by language of contract), *rev'd on other grounds,* 292 N.C. 84, 231 S.E. 2d 891 (1977); *Borbein, Young & Co. v. Cirese,* 401 S.W. 2d 940 (Mo. App. 1966) (affirming directed verdict that officers of corporation which continued to do business after charter forfeiture personally liable); 19 Am. Jur. 2d Corporations Section 1348 (1965). In *Borbein* the court applied Missouri statutes, mandating that the officers were trustees for the corporation even after charter forfeiture, and found personal liability accordingly. While corporate officers in North Carolina are not trustees, their fiduciary duty to the cor-

poration is a high one. G.S. 55-35; *Meiselman v. Meiselman*, 309 N.C. 279, 307 S.E. 2d 551 (1983). This includes a duty *not* to continue to incur ordinary business obligations on behalf of the corporation when they have knowledge that the corporation's charter has been suspended. The law will not permit a corporate officer to create obligations in the name of the corporation, knowing the acts are without authority and invalid, and then be permitted to use the corporate name as shield against the creditors.

## IV

If defendant did not act on behalf of the corporation, he acted in his own behalf. Defendant has raised no defense to his personal liability. Defendant admitted that the goods had been received, that the prices were reasonable, and that payment had been duly demanded and none made. The amount of the debt was not disputed. No issue of fact whatsoever appears on this point.

## V

Regardless of whether the supplies were delivered to the corporation, through its agent, defendant, or to defendant personally, plaintiff properly showed that it was entitled to payment from defendant. Defendant raised no material issue of fact requiring further litigation. Summary judgment for plaintiff was proper and the court's order is therefore

Affirmed.

Judges WHICHARD and COZORT concur.