AECOM Tech. Corp. v. Keating, 2012 NCBC 10.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | 11 CVS 9225 |

AECOM TECHNOLOGY CORPORATION )
and AECOM TECHNICAL SERVICES, )
INC., )
                Plaintiffs )
                 )
          v. )
                 )
SCOTT KEATING, CHRISTOPHER )
BRADLEY and GEI CONSULTANTS, INC., )
              Defendants )

**OPINION AND ORDER
ON MOTION TO DISMISS**

THIS CAUSE, designated a complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, references to the North Carolina General Statutes will be "G.S."), and assigned to the undersigned Chief Special Superior Court Judge for Complex Business Cases, comes before the court upon Defendants' Joint Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Motion"); and

THE COURT, after reviewing the Motion, briefs in support of and in opposition to the Motion, other submissions of counsel and appropriate matters of record, CONCLUDES that the Motion should be GRANTED in part and DENIED in part, as reflected below.

> *Nelson Mullins Riley & Scarborough, LLP, by Joseph S. Dowdy, Esq. and Wallace C. Hollowell, III, Esq. for Plaintiffs.*

> *Williams Mullen, by Christopher Browning, Esq. and Brian Vick, Esq. for Defendants.*

Jolly, Judge.

## PROCEDURAL HISTORY

[1]     On June 10, 2011, Plaintiffs AECOM Technology Corporation and AECOM Technical Services, Inc. (collectively, "AECOM") filed a Complaint against Defendants Scott Keating ("Keating"), Christopher Bradley ("Bradley") and GEI Consultants, Inc. ("GEI").

[2]     In the Complaint, Plaintiffs allege the following five (5) causes of action ("Claim(s)"):  First Claim – Breach of Fiduciary Duty (As to Keating); Second Claim – Trade Secret Misappropriation Under N.C. Gen. Stat. § 66-152 *et seq.* (As to all Defendants); Third Claim – Unfair and Deceptive Trade Practices in Violation of N.C. Gen. Stat. § 75-1.1 *et seq.* (As to all Defendants); Fourth Claim – Civil Conspiracy (As to all Defendants); Fifth Claim – Interference with Contract/Interference with Advantageous Economic Relationship (As to all Defendants).  Plaintiffs seek compensatory and punitive damages.

[3]     On August 30, 2011, Defendants filed the Motion, seeking the dismissal of all Plaintiffs' Claims under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)").[1]

[4]     On December 1, 2011, the court heard oral argument on the Motion, which is ripe for determination.

## FACTUAL BACKGROUND

Among other things, the Complaint alleges that:

---

[1] Although the Motion seeks dismissal of all of Plaintiffs' Claims, the court notes that the Complaint contains an unnumbered "Specific Claim for Punitive Damages." However, neither party has briefed nor argued with respect to the punitive damages Claim.  Accordingly, the court concludes that such Claim is not before it for purposes of the Motion.

[5]     Keating and Bradley are former AECOM employees who currently are employed by GEI.[2]  Keating is a former corporate officer of AECOM.[3]  Keating and Bradley were "high level employees" of AECOM with access to "confidential commercial information."[4]

[6]     AECOM and GEI are competitors in the field of environmental consulting.

[7]     Prior to leaving their employment with AECOM in May 2011, Keating and Bradley worked in concert with Ben Sawa ("Sawa"), a GEI employee, as part of a scheme to direct AECOM's employees, confidential information and customers to GEI.[5]

[8]     GEI provided Keating with a Blackberry mobile phone so that Keating could provide information and updates to Sawa regarding the scheme, without AECOM being able to detect the communications taking place.[6]

[9]     Using the Blackberry, Keating communicated via e-mail with GEI about recruiting key AECOM employees to ensure that AECOM customers and projects would get transferred to GEI.[7]  Keating and Bradley also transmitted information to GEI regarding AECOM's customers, terms of contracts, pricing guidelines and products.[8]

[10]    AECOM became aware of Defendants' conduct in early May 2011.[9]  On May 19, 2011, AECOM sent a letter to GEI demanding written assurances that it would cease and desist from improper conduct with Keating and Bradley, as described above.[10]

---

[2] Compl. ¶¶ 6-7.
[3] *Id.* ¶ 6.
[4] *Id.* ¶ 11.
[5] *Id.* ¶¶ 15-16.
[6] *Id.* ¶ 17.
[7] *Id.* ¶¶ 16-18.
[8] *Id.* ¶ 23.
[9] *Id.* ¶ 15.
[10] *Id.* ¶ 21.

[11]     GEI failed to provide written assurance that it would cease and desist its conduct, as requested by AECOM's May 19, 2011 letter.[11]  Around the same time, Keating and Bradley left their employment with AECOM and joined GEI.

## DISCUSSION

[12]     When deciding a Rule 12(b)(6) motion, the well-pleaded allegations of the complaint are taken as true and admitted, but conclusions of law or unwarranted deductions of facts are not admitted.  *Sutton v. Duke*, 277 N.C. 94, 98 (1970).

[13]     A complaint fails to state a claim upon which relief can be granted when either (a) the complaint on its face reveals that no law supports the plaintiff's claim; (b) the complaint on its face reveals the absence of facts sufficient to make a good claim or (c) some fact disclosed in the complaint necessarily defeats the plaintiff's claim. *Jackson v. Bumgardner*, 318 N.C. 172, 175 (1986).  However, a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it (a) does not give sufficient notice to the defendant of the nature and basis of the plaintiff's claim or (b) appears beyond a reasonable doubt that the plaintiff could not prove any set of facts in support of his claim that would entitle him to relief.  *Sutton,* 277 N.C. at 102.

### First Claim  – Breach of Fiduciary Duty (As to Keating)

[14]     Plaintiffs allege that Keating was a corporate officer and therefore owed a fiduciary duty to Plaintiffs, which he breached when he conspired with GEI and Bradley to steal Plaintiffs' employees, customers and confidential commercial information.

[15]     Defendants contend that Plaintiffs have failed to allege sufficiently the existence of a fiduciary relationship between Keating and AECOM.

---

[11] *Id.* ¶ 22.

[16]    With regard to this First Claim, Plaintiffs have alleged specifically that Keating was a corporate officer of AECOM.  A corporate officer owes a fiduciary duty to the corporation. *Pierce Concrete, Inc. v. Cannon Realty & Const. Co.*, 77 N.C. App. 411, 413-14 (1985) (citing *Meiselman v. Meiselman*, 309 N.C. 279 (1983)) (holding that a corporate officer's fiduciary duty to his corporation is a "high one").  Accordingly, the court CONCLUDES that Plaintiffs have sufficiently stated a claim against Keating under the standard articulated by Rule 12(b)(6) and *Sutton,* 277 N.C. at 102.  Accordingly, Defendants' Motion as to this Claim should be DENIED.

### Second Claim – Trade Secret Misappropriation (As to all Defendants)

[17]    Plaintiffs allege that Keating, in collusion with GEI and Bradley, misappropriated "confidential commercial information" from AECOM.  The information allegedly misappropriated included customer lists, customer contract information, pricing information and product information, all of which Plaintiffs contend constitute trade secrets under the Trade Secrets Protection Act, G.S. 66-152 *et seq*.

[18]    Defendants argue that Plaintiffs' Second Claim is subject to dismissal because they have failed to identify the alleged trade secrets with sufficient particularity.

[19]    Indeed, "[t]o plead misappropriation of trade secrets, a plaintiff must identify a trade secret with sufficient particularity so as to enable a defendant to delineate that which he is accused of misappropriating and a court to determine whether misappropriation has or is threatened to occur." *VisionAIR, Inc. v. James*, 167 N.C. App. 504, 510-11 (2004).  "[A] complaint that makes general allegations in sweeping and conclusory statements, without specifically identifying the trade secrets allegedly misappropriated, is insufficient to state a claim for misappropriation of trade secrets"

and therefore, is subject to dismissal under Rule 12(b)(6). *Washburn v. Yadkin Valley Bank & Trust Co.*, 190 N.C. App. 315, 327 (2008); *see also Akzo Nobel Coatings Inc. v. Rogers*, 2011 NCBC 41, ¶¶ 126-28 (N.C. Super. Ct. Nov. 3, 2011) (dismissing trade secrets claim on a Rule 12(c) motion where the plaintiff's definition of trade secrets as "customer and pricing data and other confidential information" was fatally "broad and vague").

[20] In *Washburn*, the Court of Appeals upheld the dismissal of a trade secrets claim where the allegations of the complaint defined the trade secrets at issue as "business methods; clients, their specific requirements and needs; and other confidential information pertaining to the [claimant's] business," as well as "confidential client information and confidential business information." 190 N.C. App. at 327. The Court of Appeals concluded that such allegations were too "broad and vague" and "did not identify with sufficient specificity" the particular information that was alleged to be a trade secret. *Id.*

[21] Similar to the allegations in *Washburn*, Plaintiffs here allege that Defendants used "wrongful means" to obtain "confidential commercial information" belonging to AECOM, including "customer lists, customer contract information, pricing information, and product information."[12] These "sweeping and conclusory" allegations fail to identify the trade secrets that Defendants are accused of misappropriating with "sufficient particularity so as to enable defendant[s] to delineate that which [they are] accused of misappropriating and a court to determine whether misappropriation has or is threatened to occur." *Akzo Nobel*, 2011 NCBC 41, ¶ 127 (quoting *Analog Devices, Inc. v. Michalaski*, 157 N.C. App. 462, 468 (2003)).

---

[12] *Id.* ¶ 23.

[22]    Accordingly, with regard to this Second Claim, the court CONCLUDES that as a result of Plaintiffs' failure to allege or identify sufficiently the trade secrets at issue, the Claim is deficient as a matter of law.  Defendants' Motion therefore should be GRANTED with respect to said Second Claim, and it should be DISMISSED.

<u>Third Claim – Unfair and Deceptive Trade Practices</u>
<u>in Violation of G.S. 75-1.1 *et seq.* (As to all Defendants)</u>

[23]    This Third Claim, alleging unfair and deceptive trade practices, in substance is based on many of the same allegations as Plaintiffs' other Claims.

[24]    Defendants contend that Plaintiffs are complaining about conduct by Defendants that amounts to nothing more than competitive business activities, which is not actionable under Chapter 75.

[25]    However, in their First Claim, Plaintiffs have sufficiently alleged a Claim for breach of fiduciary duty against Keating.  Such a Claim, if factually viable, would support a claim for constructive fraud and give rise to a Chapter 75 claim.  *See Governor's Club, Inc. v. Governors Club Ltd. P'ship*, 152 N.C. App. 240, 250 (2002).

[26]    Further, in their Fourth Claim, which is discussed below, Plaintiffs have alleged that Defendants Bradley and GEI each conspired with Keating in attempting unlawfully to steal Plaintiffs' employees, customers and confidential commercial information, in violation of Keating's fiduciary duties to Plaintiffs.  If so, such a scheme would constitute an agreement to perform unlawful acts or to perform lawful acts in an unlawful way because, among other reasons, it constituted a plan to violate the fiduciary duties of Keating to the Plaintiffs, and the plan was implemented using acts that themselves violated that fiduciary duty.  *Dalton v. Camp*, 138 N.C. App. 201, 213 (2000) (citing *Fox v. Wilson*, 85 N.C. App. 292, 301 (1987)).

[27]     Having allegedly joined with Keating in a conspiratorial scheme, Bradley and GEI would have potential exposure to liability with Keating for damages caused by any act in furtherance of the common scheme. *Id.*; *GoRhinoGo, LLC v. Lewis*, 2011 NCBC 38, ¶ 35 (N.C. Super. Ct. Sept. 29, 2011); *Green v. Condra,* 2009 NCBC 21, ¶ 167 (N.C. Super. Ct. Aug. 14, 2009).  If Plaintiffs ultimately meet their burdens of proof, Bradley and GEI can be liable for conspiring with Keating to violate fiduciary duties Keating owed to Plaintiffs.  *Cf. Harwell Enter., Inc. v. Heim,* 276 N.C. 475, 479 (1970) (holding that if two persons conspire to violate the duties of one conspirator under a covenant not to compete, both persons are jointly liable for the breach).

[28]     With regard to this Third Claim, the court CONCLUDES that Plaintiffs have sufficiently stated a claim against Defendants under the standard articulated by Rule 12(b)(6) and *Sutton,*  277 N.C. at 102.  Accordingly, Defendants' Motion as to this Claim should be DENIED.

Fourth Claim – Civil Conspiracy (As to all Defendants)

[29]     Defendants contend that Plaintiffs' civil conspiracy Claim is subject to dismissal because all underlying claims should fail and civil conspiracy is a claim that necessarily relies on some underlying unlawful action; and that recovery for such a tort must be on the basis of the harm caused by the unlawful act, not the mere fact of the conspiracy.  *Shope v. Boyer*, 268 N.C. 401, 405 (1966).

[30]     Defendants correctly point out that in order for one or more of them to be liable to Plaintiffs for civil conspiracy, Plaintiffs must also show an 'overt act' committed by at least one conspirator in furtherance of the conspiracy.  *Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C.*, 2003 NCBC 4, ¶ 290 (N.C. Super. Ct. May 2, 2003)

(quoting *Dalton*, 138 N.C. App. at 212).  They argue that neither of them committed any overt unlawful act.  However, the law is clear that in the context of a conspiracy, an otherwise lawful act can become an unlawful act when it is part of the conspiratorial plan. *Id.*

[31]    Here, the court has concluded that in their First Claim, Plaintiffs' have sufficiently alleged a Claim for breach of fiduciary duty against Keating.  Further, by way of this Fourth Claim, Plaintiffs' allege that Bradley and GEI worked in combination and agreement with Keating in knowing support of Keating's breach of his fiduciary duty Plaintiffs.

[32]    With regard to this Fourth Claim, the court CONCLUDES that Plaintiffs have sufficiently stated a claim against Defendants under the standard articulated by Rule 12(b)(6) and *Sutton,* 277 N.C. at 102.  Accordingly, Defendants' Motion as to this Claim should be DENIED.

Fifth Claim – Interference With Contract and/or
Advantageous Economic Relationship (As to all Defendants)

[33]    This Claim is stated in substance as a tort claim for interference with contracts and advantageous relationships between Plaintiffs and their customers. Plaintiffs specifically allege that Defendants interfered by misappropriating AECOM's trade secrets and confidential information in an attempt to "transition"[13] AECOM customers and projects to GEI.

[34]    Defendants contend that Plaintiffs' Complaint fails to identify any existing or prospective contracts that have actually been interfered with by Defendants.

---

[13] *Id.* ¶ 64.

[35]     To state a claim for tortious inference, a plaintiff must allege that the defendant intentionally induced a third party either not to perform an existing contract or not to enter into a prospective contract.  *Dalton*, 354 N.C. at 654; *United Labs., Inc. v. Kuykendall*, 322 N.C. 643, 661 (1988).  A claimant must allege actual loss of an existing or prospective contractual relationship, which is a fundamental element of a tortious interference claim.  *Dalton*, 353 N.C. at 654, *Kuykendall*, 322 N.C. at 661; *see also Sports Quest, Inc. v. Dale Earnhardt, Inc.*, 2004 NCBC 4, ¶ 28 (N.C. Super. Ct. Mar. 12, 2004) (dismissing tortious interference with prospective contract claim where the plaintiff failed to identify the loss of future contracts with any specificity).

[36]     In the present case, Plaintiffs allege only that Defendants have "solicit[ed] Plaintiffs' customers," "encourage[d] them to terminate and/or breach their contracts with Plaintiff" and "attempt[ed] to transition AECOM customers and projects to GEI."[14] Plaintiffs fail to allege that Defendants actually interfered with existing or prospective contracts, and Plaintiffs do not identify any specific contracts or customers that were lost.[15]  Without such allegations in the Complaint, Plaintiffs have failed to state a valid claim for tortious interference.

---

[14] *Id.* ¶¶ 24, 64.

[15] The court observes that Plaintiffs' Memorandum in Opposition to Motion to Dismiss makes reference to the names of clients and contracts that were allegedly interfered with by Defendants.  In fact, Plaintiffs' brief offers several facts that appear to be relevant to its Claims, but are not alleged in the Complaint. The court's consideration of a Rule 12(b)(6) motion to dismiss is limited to the allegations that appear on the face of the pleading at issue.  *Perkins v. HealthMarkets, Inc.*, 2007 NCBC 25, ¶ 84 n.6 (N.C. Super. Ct. July 30, 2007) (recognizing that a court cannot "go beyond the four corners of [the complaint] . . . when considering a Rule 12(b)(6) motion to dismiss").  Accordingly, without converting this matter into one for summary judgment, the court is forced to disregard the facts raised in Plaintiffs' brief, but not alleged in the Complaint.  Plaintiffs' brief even asserts that it can "easily provide additional facts" if desired by the court.  Further, Plaintiffs request that "if the court is inclined to dismiss Plaintiffs' claims, it should instead treat Defendant's Motion to dismiss as a request for a more definite statement."  The court, in its discretion, declines to convert Defendants' Motion.  Plaintiffs have had ample opportunity to seek leave to amend their Complaint, but have chosen not to do so.

[37]     Accordingly, with regard to this Fifth Claim, the court CONCLUDES that as a result of Plaintiffs' failure sufficiently to allege or identify contracts or customers with which Plaintiffs contend Defendants interfered, the Claim is deficient as a matter of law. Defendants' Motion therefore should be GRANTED with respect to said Fifth Claim, and it should be DISMISSED.

NOW THEREFORE, it hereby is ORDERED that:

[38]     Defendants' Joint Motion to Dismiss Pursuant to Rule 12(b)(6) is GRANTED as to Plaintiffs' Second Claim (Trade Secret Misappropriation Under N.C. Gen. Stat. § 66-152 *et seq.*), and said Second Claim is DISMISSED.

[39]     Defendants' Joint Motion to Dismiss Pursuant to Rule 12(b)(6) is GRANTED as to Plaintiffs' Fifth Claim (Interference with Contract/Interference with Advantageous Economic Relationship), and said Fifth Claim is DISMISSED.

[40]     Except as granted above, Defendants' Joint Motion to Dismiss is DENIED.

[41]     On or before Friday, March 9, 2012, the parties shall submit to the court a Case Management Report, pursuant to BCR 17.2.  The court will hold a Case Management Conference, at a date later to be determined, to discuss case management issues.

This the 6th day of February, 2012.